UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DETRIC O. DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00143-MPB-MKK ) |
| KNOX COUNTY SHERRIFF DEPT., | ) ) |
| Defendant. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Detric Doe alleges that his custodians at the Knox County Jail have wrongly withheld his money to pay for medication. Because Mr. Doe is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Doe alleges that his custodians at the Knox County Jail unlawfully applied funds from his inmate trust account to pay for medications provided during this and a previous period of incarceration. Dkt. 1 at 2. He alleges that the jail staff violated Indiana law by applying his funds to multiple debts on the same date and by collecting greater amounts than Indiana law allows. *Id.* He seeks $750,000 in damages. *Id.* at 4.

## III. Discussion of Claims

"Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. §§ 1331–32). Because the parties are not citizens of different states, *see* § 1332(a)(1), diversity jurisdiction does not apply, and the Court may exercise jurisdiction over this case only if it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If Mr. Doe's complaint raises a plausible claim for relief, it arises under Indiana law rather than under the Constitution or laws of the United States. "[T]he imposition of a modest fee for medical services, standing alone, does not violate the Constitution." *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012); *see also Evans v. Heidorn*, 556 F. App'x 493, 494 (7th Cir. 2014) (Claim based on denial of medical services based on refusal to make copayment was properly dismissed as "frivolous" given that plaintiff had funds to make the payment and canceled his appointments when required to pay.); *Crane v. Childress*, No. 22-cv-1153, 2023 WL 3306533, at *5 (C.D. Ill. May 8, 2023) ("While the Constitution requires objectively reasonable medical care for detainees, and officials cannot deny medical care because a detainee has the inability to pay for services up-front, the Constitution does not require free medical care. . . Plaintiff's allegations that he was

required to repay the County for the costs of his x-rays do not state a claim.") (citing *Poole*, 703 F.3d at 1027); *Ingersoll v. Wexford Health Sources*, No. 18-CV-1685-NJR, 2018 WL 5792326, at *4 (S.D. Ill. Nov. 5, 2018) ("Prisons and jails cannot deny an inmate health care based on an inability to pay, but they are well within their rights to charge inmates who can afford it a modest fee in order to recoup the cost of their care.").

If Mr. Doe's co-payments were collected in violation of Indiana law, he may have an actionable claim in state court. He has not, however, pled an actionable claim within this Court's subject matter jurisdiction.

### IV. Opportunity to Show Cause

For the reasons discussed in Part III, the complaint is **dismissed** for lack of subject matter jurisdiction. Mr. Doe will have **through May 31, 2024**, to show cause why the Court should not dismiss this action and enter final judgment.

**IT IS SO ORDERED.**

Dated: May 7, 2024

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

DETRIC O. DOE
20120961146
2375 S. Old Decker Rd.
Vincennes, IN 47591